UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUERTA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA,<br>OFFICER G. BETANCOURT,<br><br>　　　　Defendants. | NO. SACV 16-01938-JAK (AGR)<br><br>ORDER DISMISSING<br>COMPLAINT WITHOUT<br>PREJUDICE FOR FAILURE TO<br>PROSECUTE |

On October 25, 2016, Plaintiff filed a civil rights complaint. On February 28, 2017, Defendant filed a status report. Defendant notified the court that Plaintiff had been released from Orange County jail on December 19, 2016 and that Defendant had been unable to conduct discovery without a current address for Plaintiff. (Dkt. No. 11.) Plaintiff failed to file a status report by March 1, 2017 as ordered by the court. (Dkt. No. 9.)

On March 16, 2017, the Magistrate Judge issued an order to show cause by April 17, 2017, why this case should not be dismissed for failure to prosecute. The order provided that the filing of a status report by April 17, 2017 would be

deemed compliance with the order to show cause, and warned that failure to file a timely status report may result in dismissal. (Dkt. No. 12.)

On April 3, 2017, the postal service returned the order to show cause as undeliverable and unable to forward to Plaintiff. (Dkt. No. 13.) Plaintiff has not filed a notice of change of address or status report, and has not otherwise responded to the order to show cause.

A party proceeding *pro se* is required to keep the court apprised of his or her current address. Local Rule 41-6. "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Petitioner has failed to file a notice of change of address, and his current address is unknown.

It is well established that a district court has authority to dismiss a plaintiff's action because of failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less

drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has failed to file a status report and has failed to respond to the court's order to show cause why this action should not be dismissed for failure to prosecute. Plaintiff has failed to file a notice of change of address and has thereby rendered it impossible for Defendant to conduct discovery. Plaintiff's conduct hinders the court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted when a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to notify the court of his change of address or respond to orders of the court.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal. The court attempted to avoid dismissal by reminding Plaintiff of his obligation to file a status report and expressly warned Plaintiff that failure to comply may result in the dismissal of the action. The mail was returned as undeliverable because Plaintiff has failed to keep the court apprised of his current address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be

absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless Plaintiff has been notified that dismissal is imminent. In this case, the order to show cause cautioned Plaintiff about the possibility of dismissal. Absent a current address for Plaintiff, there is nothing more the court can do.

IT IS ORDERED that judgment be entered dismissing the case without prejudice for failure to prosecute.

DATED: April 21, 2017

JOHN A. KRONSTADT
United States District Judge

4